IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FELIX MANUEL PAZ-RODRIGUEZ<br>Plaintiff<br>vs<br>ISLAND WIDE LOGISTICS, INC.; IVAN MARIN; SAMUEL RIVERA; MARIA ROMAN<br>Defendants | CIVIL 12-1153CCC |

**OPINION AND ORDER**

Plaintiff, Félix Manuel Paz-Rodríguez (Paz), brought this action under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et. seq., and the Americans with Disabilities Act, 42 U.S.C. § 12112(a), to which he joined various supplemental claims under a myriad of labor laws of the Commonwealth (Law 100, Law 69, Law 17, Law 44, Law 53, Law 80), its Constitution, and Article 1802 of its Civil Code. Named as defendants were his former employer, Island Wide Logistics, Inc, (IWLI); IWLI's Vice-President of Operations, Iván Marín (Marín); its Director of Human Resources, María Román (Román); and plaintiff's direct supervisor, Samuel Rivera (Rivera). Before the Court now is the Motion to Dismiss the Complaint filed by all defendants on June 1, 2012 (**docket entry 11**), plaintiff's opposition filed on June 29, 2012 (docket entry 16), and defendants' authorized reply to the opposition filed on August 7, 2012 (docket entry 19).

The salient facts are taken from the Complaint (docket entry 1), as we must. Paz started to work for IWLI in October 2008. He worked at a warehouse, unloading cargo and also entering data in the company's computerized inventory system. He had a full time job (40 hours per week), with a salary of $7.25 per hour and other fringe benefits such as medical insurance. He claimed to have performed his job in a "satisfactory fashion." Complaint, at p. 4, ¶ 14.

CIVIL 12-1153CCC                              2

During a music concert held on February 27, 2011, Paz was injured by a lone gunman who opened fire on the crowd. He received a gunshot wound in his right elbow, where a bullet lodged near an artery could not be retrieved. Since then, Paz suffers from pain, lack of strength and of mobility in said right arm. He spent two days hospitalized following that incident, and was ordered to rest by a physician until March 21, 2011.

Paz returned to work on March 28, 2011, although he still was not feeling well. Upon his return to work, he asked Rivera for a reasonable accommodation, specifically to be allowed to only enter the data into the computer system and be relieved from unloading cargo since his right arm was still impaired and there were other employees available who could do the unloading. His request was not granted, presumably by Rivera.

Plaintiff posits that defendants Rivera, Marín and Román then planned his illegal termination. On March 31, 2011, Rivera and Marín accused Paz of illegally appropriating around five small packages of Crystal Light, which he claims was false and merely a pretext to get rid of him and not provide him the reasonable accommodation requested. On April 1, 2011, defendant Román met with Paz and supposedly told him that he either had to quit his job or disclose who had stolen the Crystal Light. As he could not do the latter for, according to him, nobody had stolen the Crystal Light, he was asked for his uniform and fired.

In their Motion to Dismiss (docket entry 11), defendants contend that plaintiff has failed to adequately plead claims under either the FMLA or the ADA. In addition, they point out that plaintiff failed to file an administrative claim under the ADA against the individual defendants. They also argue that none of the local laws invoked by him as supplemental claims protect the rights he seeks to vindicate in the Complaint and that, in any event, were the Court to dismiss both federal claims it should decline to exercise supplemental jurisdiction over them.

In his opposition to defendants' Motion to Dismiss (docket entry 16), plaintiff insists that he has alleged sufficient facts to state a claim under the ADA. He has conceded,

CIVIL 12-1153CCC                    3

however, that the Complaint fails to configure claims under the FMLA.  As to the local claims, he admits that the Complaint insufficiently pleads claims under Law 100, Law 69 and Law 17, but contends that his claim under Law 80 must be allowed to go forward.  No mention is made of the claims under the other local laws invoked, i.e. Laws 44 and 53, Article 1802, and the Puerto Rico Bill of Rights.  Defendants, in their reply (docket entry 19), merely reiterate arguments already raised and discussed in their dismissal motion.

Given plaintiff's concession that his Complaint failed to adequately plead claims under the FMLA, and Puerto Rico's Laws 100, 69 and 17, the same are hereby ORDERED DISMISSED.

We turn next to the claim brought under the ADA, challenged as being factually deficient at the pleading stage.  It Is axiomatic by now that the complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Paz alleged in his Complaint that he had what he perceived to be a disability and described said disability – an injury in his right elbow that caused him pain, loss of strength and of mobility in his right arm.  He also averred that he requested from defendant Rivera, his direct supervisor, a reasonable accommodation for that disability.  Likewise, he further pled that instead of acting on his request for a reasonable accommodation, Rivera, together with Marín and Román, planned to illegally terminate him by way of the Crystal Light incident.  Assuming, as the Court must at this stage, that these allegations are true, Paz has stated a plausible claim to relief under the ADA, which prohibits employers from discharging

CIVIL 12-1153CCC                                        4

employees based on their disability or refusing to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee."  42 U.S.C. §§ 12112(a), 12112(b)(5)(A).  Accordingly, defendants' request to dismiss the ADA claim is DENIED.

This notwithstanding, it has been generally held that there is no individual liability under the ADA's general anti-discrimination provision in employment, 42 U.S.C. § 12112(a). See e.g., Pritchard v. So. Co. Servs., 102 F.3d 1118, 1119 n. 7 (11th Cir. 1996) (citing Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996) (holding that individual liability is precluded for violations of § 12112(a) because "[t]he definition of 'employer' in the Disabilities Act is like the definition[ ] in Title VII . . . [, and t]his Circuit has previously held that there is no individual responsibility under either of those Acts")); Walker v. Snyder, 213 F.3d 344, 346 (7th Cir. 2000) ("[T]he ADA addresses its rules to employers . . . and other organizations, not to the employees or managers of these organizations."); Sullivan v. River Valley Sch. Dist., 197 F.3d 804, 808 n. 1 (6th Cir. 1999) (same); Silk v. City of Chicago, 194 F.3d 788, 797 n. 5 (7th Cir. 1999) (same); Butler v. City of Prairie Vill., 172 F.3d 736, 744 (10th Cir. 1999) ("Because we can discern no meaningful distinction between the definitions of 'employer' in Title VII and the ADA, . . . we now hold that the ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition."); EEOC v. AIC Sec. Investigations, Ltd., 55 F.3d 1276, 1279–80 (7th Cir. 1995) (same); Swaim v. Westchester Acad., Inc., 170 F.Supp. 2d 580, 583 (M.D.N.C. 2001) (same); EEOC v. AIC Sec. Investigations, Ltd., 55 F.3d 1276, 1279-81 (7th Cir. 1995) (collecting cases and finding that the ADA does not impose individual liability).  Accordingly, the claims brought against individual defendants Marín, Román and Rivera under the ADA are DISMISSED.  Hence, the only claim that remains under the ADA is as to defendant IWLI.

CIVIL 12-1153CCC                                          5

      The only other claim that survives dismissal at this early stage is that asserted under Puerto Rico's Law 80, 29 L.P.R.A. § 185a et. seq., as the facts averred in the Complaint do state a claim for unjust discharge which is covered by said law.  As is the situation with the ADA claim, however, individual supervisors cannot be held liable under Law 80 either.  See Mandavilli v. Maldonado, 38 F.Supp. 2d 180, 205 (D.P.R. 1994), citing Flamand v. American Int'l. Group Inc., 876 F.Supp. 356, 364 (D.P.R. 1994).  In identical fashion as with the ADA claim, then, the claims brought against individual defendants Marín, Román and Rivera under Law 80 are DISMISSED, and the only claim that remains under said law is as to the corporate defendant IWLI.

      Regarding the claims brought under Law 44, Law 53, Article 1802, and the Puerto Rico Bill of Rights, which plaintiff failed to address in his opposition, they must be dismissed as well.  We have looked, but failed to find, the statutory codification for both the "Law No. 44 of July 2, 1989" and "Law No. 53 of August 30, 1953," identified by plaintiff in the Complaint as the "Puerto Rico Disabilities Law" and which codification he incorrectly provided as being 1 L.P.R.A. § 1501 et. seq.  The only Law 44 enacted in 1989 was passed on August 5 of that year, and made stylistic amendments to 30 L.P.R.A. § 1767a, which deals with the fees assessed for transactions performed at the Puerto Rico Property Registry.  In turn, the only Law 53 approved in 1953, passed on June 10 of that same year, provided for the transfer of several properties owned by the Commonwealth government to the municipalities of San Juan, Arecibo and Salinas.  See note at 17 L.P.R.A. § 56.  It is obvious, then, that no cause of action is provided by said Laws for the acts averred by plaintiff in his Complaint.[1]  Consequently, the claims brought under Laws 44 and 53 are frivolous, and are hereby DISMISSED.

---

    [1]Plaintiff's attorney shall be more careful in the future when citing authorities in his filings before the Court, making sure that they stand for what he submits them.  He is specifically reminded of his ethical duties under ABA Model Rules of Professional Conduct 3.1 and 3.3(a)(1).

CIVIL 12-1153CCC                                     6

As to the claim brought under the Puerto Rico Bill of Rights, plaintiff simply has made no effort to identify how this provision is applicable to any of his factual assertions, or in what form it makes available to him a cause of action. Thus, any claim brought under it is similarly DISMISSED. Finally, the claim brought under Article 1802 fares no better, given the surviving Law 80 claim. This is because, as established by the Puerto Rico Supreme Court in <u>Santini Rivera v. Serv. Air. Inc.</u>, 137 D.P.R. 1, 16 (1994), "in the face of conduct by an employer that has been typified and penalized by special labor legislation, the employee only has recourse to the relief of said Act, and is barred from seeking additional compensation under Article 1802 of the Civil Code." <u>Santini Rivera v. Serv. Air. Inc.</u>, 137 D.P.R. 1, 16 (1994) (official translation). Paz has not identified any actions by defendants that fall outside of the scope of the specific labor law that he already invokes, Law 80. Therefore, his generic invocation of Article 1802 cannot survive, and is DISMISSED.

In sum, and in view of the above stated, defendants' Motion to Dismiss (**docket entry 11**) is GRANTED as to all the claims asserted in the Complaint except for those brought against defendant IWLI under both the ADA and Puerto Rico's Law 80. Partial judgment shall be entered accordingly.

The Request of Judgment filed by defendants on July 31, 2012 (**docket entry 18**) is now MOOT.

Defendant IWLI shall answer the complaint by FEBRUARY 19, 2013.

SO ORDERED.

At San Juan, Puerto Rico, on February 7, 2013.


                                                          S/CARMEN CONSUELO CEREZO
                                                          United States District Judge